# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TERENCE McADAMS and**
**THERESA McADAMS,**
        **Plaintiffs,**

    v.                                             Case No. 13-C-0899

**WHEATON FRANCISCAN MEDICAL**
**GROUP, et al.,**
        **Defendants.**

---

## DECISION AND ORDER

Terence and Theresa McAdams have filed a complaint alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and state law against Wheaton Franciscan Medical Group ("Wheaton"), State Collection Service, Inc. ("State Collection"), Heuer Law Offices ("Heuer"), Gary Koch, and Kerstin Pezawski. The defendants have filed motions to dismiss the complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).[1]

## I. FACTS

The following facts are drawn from the allegations of the complaint, which I accept as true for purposes of resolving the motions to dismiss.

On July 31, 2006, Wheaton performed a cardiac stress test on Terence McAdams. At the time he received treatment, McAdams had health insurance through United Healthcare. However, Wheaton erroneously billed AETNA, McAdam's subsequent health

---

[1]Wheaton also filed a motion entitled "motion that it met the requirements for waiver of service of process." See ECF No. 19. The plaintiff has not opposed this motion, and therefore I will grant it without further discussion. See Civil L.R. 7(d) (E.D. Wis.).

insurer, for the service. When AETNA denied the claim, Wheaton assumed that McAdams did not have health insurance and sought payment from him personally. The cost of the stress test was $1,651.10.

In January 2007, Wheaton referred McAdams's debt to State Collection. In July 2009, State Collection contacted McAdams and attempted to collect the debt. McAdams informed State Collection that he thought the debt was not valid because his insurer was responsible for payment. State Collection then told McAdams that Wheaton could demand payment from him personally because he had not provided his correct insurance information at the time of service. State Collection "made numerous phone calls to his home at all hours demanding payment." Compl. ¶ 10.

In August 2011, State Collection referred the debt to Heuer. On November 11, 2011, Heuer filed a lawsuit against McAdams in state court to collect the debt. The court awarded Heuer a judgment in the amount of $1,933.10.[2] Heuer then collected the judgment by garnishing Mr. McAdams's wages.

Eventually, McAdams was able to locate medical records indicating that, prior to July 31, 2006, he had submitted paperwork to Wheaton identifying his health insurer as United. Upon showing these records to Heuer, Heuer voluntarily dismissed its lawsuit and returned the wages it had garnished.

On July 5, 2012, Mr. McAdams, proceeding pro se, filed a small-claims complaint in state court against Wheaton, alleging that he was harmed by the defendants' actions in

---

[2]The complaint does not expressly identify the name of the plaintiff in the suit Heuer filed. But in alleging that the court awarded judgment to Heuer, the complaint implies that Heuer was the named plaintiff.

attempting to collect the debt. On July 30, 2012, Heuer, speaking through Attorneys Koch and Pezawski, informed McAdams that it thought his lawsuit was frivolous and threatened to seek sanctions if he did not dismiss the complaint.

In October 2012, McAdams was able to find counsel to represent him in his suit against Wheaton. At some point after McAdams secured counsel, the small-claims judge made "derogatory statements about him," and this caused McAdams to "los[e] faith in the Milwaukee County courts." Compl. ¶ 16. Thus, on January 25, 2013, he voluntarily dismissed the state-court action with the intention to file a claim against the defendants in federal court.

The McAdams filed the present action on August 8, 2013. They allege claims under the FDCPA, FCRA, and Wisconsin Consumer Act ("WCA"), as well as claims for malicious prosecution, abuse of process, and negligent infliction of emotional distress.

## II. DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557 (internal quotation marks omitted)). Although the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to

survive a Rule 12(b)(6) motion. Id. Accordingly, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Id.

I address each defendant's motion to dismiss in turn.

**A.      State Collection Services**

    **1.      FDCPA**

The McAdams allege that State Collection violated the Fair Debt Collection Practices Act. However, in neither their complaint nor their brief in opposition to the motions to dismiss do they expressly identify the precise conduct of State Collection that forms the basis for their FDCPA claim or identify the precise provisions of the FDCPA they believe State Collection violated.[3] Still, I can infer that the McAdams believe that State Collection (1) violated the verification requirements of 15 U.S.C. § 1692g(b) by attempting to collect the debt after the McAdams disputed its validity, (2) violated 15 U.S.C. § 1692e by falsely stating that Mr. McAdams had not provided Wheaton with his correct insurance information, and (3) violated 15 U.S.C. § 1692c by making prohibited phone calls.

State Collection argues that any claims against it under the FDCPA are barred by the statute of limitations. It is, however, "irregular" to dismiss a claim as untimely under Rule 12(b)(6). Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (quoting United States v. N. Trust Co., 372 F.3d 886, 888 (7th Cir.2004)). Under Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations. Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th

---

[3]In paragraph 19 of the complaint, the McAdams generally allege that all defendants violated certain provisions of the FDCPA, but they do not identify which conduct of which defendants amounted to violations of which provisions.

Cir.2004). As a result, a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense. Still, dismissal under Rule 12(b)(6) on the basis of a limitations defense is appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense. Hollander, 457 F.3d at 691 n.1. As explained below, I conclude that the plaintiffs have effectively pleaded themselves out of court by alleging facts that are sufficient to establish that their FDCPA claims against State Collection are barred by the statute of limitations.

The only acts alleged to have been committed by State Collection in violation of the FDCPA occurred between July 2009, when State Collection first contacted the McAdams, and August 2011, when State Collection turned collection activities over to Heuer. Under the FDCPA, a claim is barred if it is not filed "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The McAdams filed the present action on August 8, 2013, two years after State Collection's last alleged violation. Therefore, their FDCPA claims against it are untimely.

In their brief, the McAdams argue that I should apply either the "continuing violation" doctrine or equitable tolling and conclude that their action is timely. However, none of State Collection's alleged acts continued into the limitations period, and State Collection engaged in no inequitable conduct that prevented the McAdams from filing their claims on time.

Accordingly, I will dismiss the McAdams' FDCPA claims against State Collection.

**2.   FCRA**

The McAdams allege that State Collection is a "furnisher" of information under the Fair Credit Reporting Act—that is, that State Collection provided information to a credit

reporting agency. However, the McAdams do not expressly allege that State Collection furnished any information about them to a credit reporting agency, identify what that information might have been, or identify the dates on which the furnishing of information might have occurred. Construing their complaint liberally, however, it appears that the McAdams allege that State Collection provided information about the status of their Wheaton debt to credit reporting agencies between July 2009 and August 2011, and that this information was inaccurate.

The provisions of the FCRA that apply to furnishers, see 15 U.S.C. § 1681s-2, are designed to prevent furnishers from spreading inaccurate consumer-credit information. Section 1681s–2 works in two phases. Initially, furnishers have a duty to provide credit reporting agencies with accurate information about their consumers. 15 U.S.C. § 1681s–2(a). Later, a furnisher may be asked by a credit reporting agency to respond to disputes about the consumer information it has provided. If at some point a credit reporting agency discovers that the "completeness or accuracy" of a consumer's information is in dispute—and provided that it does not determine the dispute to be "frivolous or irrelevant"—that agency will then notify the original furnisher and provide it with "all relevant information regarding the dispute." 15 U.S.C. § 1681i(a)(1)–(3). Upon receiving notice of a dispute from a credit reporting agency, a furnisher has a duty to conduct an investigation and take certain other actions. 15 U.S.C. § 1681s-2(b)(1). See Boggio v. USAA Federal Sav. Bank, 696 F.3d 611, 615–16 (6th Cir. 2012).

A consumer may not bring a private cause of action against a furnisher based on the furnisher's initially providing inaccurate information to a credit reporting agency. See, e.g., id. Nor may a consumer bring a cause of action against a furnisher based on a

furnisher's failure to correct inaccurate information after being notified by a consumer that the information is disputed. Chi Chi Wu & Elizabeth De Armond, Fair Credit Reporting § 10.2.4.1 (7th ed. 2010). Rather, "consumers may step in to enforce their rights only after a furnisher has received proper notice of a dispute from a [credit reporting agency]." Boggio, 696 F.3d at 615–16. In other words, a private right of action exists only for a furnisher's violation of its reinvestigation obligations under § 1681s-2(b).

The McAdams have not alleged that they informed any credit reporting agency that whatever information State Collection may have furnished was disputed.[4] Nor have they alleged that a credit reporting agency notified State Collection of any dispute, thereby triggering its reinvestigation obligations under § 1681s-2(b). Accordingly, the McAdams have failed to state a claim against State Collection for violation of the FCRA.

It is possible, however, that the McAdams could amend their complaint to include allegations that they informed a credit reporting agency of a dispute over information supplied by State Collection, and that the credit reporting agency then sent a notice of the dispute to State Collection, thereby triggering its reinvestigation obligations. Because a court ordinarily should give a litigant an opportunity to amend a defective complaint, Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993), and because it appears that the McAdams might be able to correct the defects in the allegations of their FCRA claim, I will

---

[4]In their brief in opposition to the motions to dismiss, the McAdams state that they did report a dispute to a credit reporting agency. However, a complaint cannot be amended by statements made in a brief in opposition to a motion to dismiss. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984). Therefore, for purposes of the present motion, I cannot accept this statement as true.

grant them leave to file an amended complaint that states a claim under the FCRA against State Collection.

### 3. Wisconsin Consumer Act

The McAdams also allege that State Collection violated the debt-collection provisions of the Wisconsin Consumer Act. See Wis. Stat. ch. 427. However, as is relevant here, a private cause of action under the Consumer Act must be commenced within one year after the date of the last violation. Wis. Stat. § 425.307(1). As discussed with respect to the FDCPA, above, the latest State Collection is alleged to have attempted to collect a debt from the McAdams or to have taken any other action with respect to them is August 2011. The present action was filed more than one year after August 2011. Accordingly, the McAdams have pleaded themselves out of court with respect to any claim under the Wisconsin Consumer Act.

### 4. Malicious Prosecution and Abuse of Process

Although the McAdams purport to bring claims for malicious prosecution and abuse of process against State Collection, they allege no facts that would support such claims. They do not allege that State Collection commenced any civil or criminal case against them or that they abused any specific process. Therefore, such claims will be dismissed.

### 5. Negligent Infliction of Emotional Distress

Finally, the McAdams allege claims for negligent infliction of emotional distress. One element of such a claim under Wisconsin law is that the emotional distress be "severe." Bowen v. Lumbermens Mut. Cas. Co., 183 Wis. 2d 627, 652–53 & n.23 (1994). The allegations of the complaint do not give rise to a plausible inference that the McAdams

suffered any severe emotional distress as a result of State Collection's conduct. Although the McAdams may have found the defendant's collection efforts unpleasant, their emotional distress cannot plausibly be described as "so severe that no reasonable man could be expected to endure it." Id. at 653 n.23 (quoting Restatement (Second) Torts § 46, cmt. j (1965)). Therefore, this claim will be dismissed.

**B.     Wheaton**

**1.     FDCPA**

As was the case with their FDCPA claim against State Collection, the McAdams do not precisely identify the conduct of Wheaton that is alleged to have violated the FDCPA. In addition, Wheaton is a creditor rather than a debt collector, and thus it is doubtful that it is subject to the FDCPA. See Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003). But even if I assumed that the complaint identified any conduct by Wheaton that is unlawful under the FDCPA and that Wheaton is subject to the FDCPA, the McAdams' claim would be time-barred. As discussed in connection with the FDCPA claims against State Collection, an FDCPA claim is barred if it is not filed "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The latest Wheaton took any action involving the McAdams was January 2007, when it sent the debt to State Collection. Compl. ¶ 10. That was well more than a year before the McAdams commenced this suit. Moreover, even if Wheaton could somehow be deemed vicariously liable for the collection activities of State Collection and/or Heuer, the McAdams' claim would still be barred. The latest that any party engaged in any collection activity was February 14, 2012, when Heuer dismissed its lawsuit and refunded Mr. McAdams's garnished wages. Compl. ¶ 12. The

9

present suit was not commenced until August 8, 2013, and therefore the FDCPA claims against Wheaton are barred.

As I noted in connection with State Collection, the McAdams argue that I should apply either the "continuing violation" doctrine or equitable tolling and conclude that their action is timely. However, none of Wheaton's alleged debt-collection acts continued into the limitations period, and Wheaton engaged in no inequitable conduct that prevented the McAdams from filing their claims on time.

Accordingly, the FDCPA claims against Wheaton will be dismissed.

### 2. FCRA

My analysis of the McAdams's FCRA claim against Wheaton is identical to my analysis of the FCRA claim against State Collection: the McAdams have not alleged that they informed any credit reporting agency that they disputed information furnished by Wheaton or that a credit reporting agency notified Wheaton of the dispute and triggered its reinvestigation obligations. Still, it is possible that the McAdams could amend their complaint to include such allegations. Accordingly, I will dismiss the existing FCRA claim but grant leave to amend.

### 3. Wisconsin Consumer Act

Any claims against Wheaton under the Wisconsin Consumer Act are barred by the one-year statute of limitations. Wis. Stat. § 425.307(1). To the extent Wheaton engaged in any conduct prohibited by the Act, such conduct would have occurred no later than February 14, 2012, yet this action was filed more than one year after that date.

### 4. Malicious Prosecution and Abuse of Process

10

The McAdams allege no facts that would support claims for malicious prosecution or abuse of process against Wheaton. They do not allege that Wheaton commenced any civil or criminal case against them or that they abused any specific process. Therefore, such claims will be dismissed.

### 5. Negligent Infliction of Emotional Distress

My analysis of the McAdams' claim for negligent infliction of emotional distress against Wheaton is identical to my analysis of the same claim against State Collection: the McAdams have not plausibly alleged that they suffered severe emotional distress as a result of any negligent conduct by Wheaton.

## C. Heuer, Koch and Pezawski

### 1. FDCPA

Like their FDCPA claims against the other defendants, the McAdams' FDCPA claims against Heuer, Koch and Pezawski are barred by the one-year statute of limitations. 15 U.S.C. § 1692k(d). These defendants ceased all collections activity as of February 14, 2012, when Heuer dismissed its lawsuit against the McAdams and returned Mr. McAdams's garnished wages. Compl. ¶ 12. Although the complaint alleges that Heuer, Koch and Pezawski engaged in wrongful conduct following February 14, 2012, that alleged conduct occurred in defending against the lawsuit that Mr. McAdams filed against them in state court. See Compl. ¶¶ 13–16. In defending against the lawsuit, Heuer, Koch and Pezawski were not engaged in debt-collection activity, and thus such conduct could not have resulted in violations of the FDCPA.

The McAdams argue that Heuer, Koch and Pezawski's actions in threatening to move for sanctions against Mr. McAdams if he did not drop his state-court lawsuit is grounds for equitably tolling the FDCPA statute of limitations. See Lee v. Cook County, Ill., 635 F.3d 969, 972 (7th Cir. 2011). Their argument seems to be that because (a) the state-court lawsuit was filed within one-year of the date on which the defendants' collection activity ceased and (b) the threat of sanctions caused Mr. McAdams to dismiss that suit, then (c) the present suit should be deemed timely under the FDCPA. However, according to the McAdams' allegations, it was not Heuer's threat of sanctions that caused Mr. McAdams to dismiss his original suit, but the small-claims judge's making "derogatory statements" about him. Compl ¶ 16. Thus, it is not clear why the McAdams think Heuer's threat of sanctions is grounds for equitable tolling. In any event, assuming that the threat of sanctions would be grounds for equitable tolling, the McAdams cannot show that they have been pursuing their rights diligently, and therefore they do not qualify for equitable tolling. Lee, 635 F.3d at 972 (to obtain equitable tolling, litigant must show that he has been pursuing his rights diligently). Mr. McAdams dismissed his state-court lawsuit on January 25, 2013, Compl. ¶ 16, yet the McAdams did not file the present suit until nearly eight months later. McAdams was represented by counsel at the time he decided to dismiss the state-court suit, id., and no conduct that is attributable to Heuer or the other defendants stopped him from immediately filing a federal complaint. The nearly eight-month delay is inexcusable, and therefore equitable tolling is unavailable.

The McAdams also suggest that the continuing-violation doctrine should be employed to render their claims against Heuer, Koch and Pezawski timely. However, as already discussed, any conduct that occurred after February 14, 2012 would not have been

covered by the FDCPA, because that conduct was not debt-collection activity. Thus, no violation of the FDCPA could have "continued" into the limitations period.

Accordingly, the FDCPA claims against Heuer, Koch and Pezawski will be dismissed as untimely.

### 2. FCRA

My analysis of the McAdams' FCRA claim against Heuer, Koch and Pezawski is identical to my analysis of the FCRA claims against State Collection and Wheaton: the McAdams have not alleged that they informed any credit reporting agency that they disputed information furnished by Heuer, Koch or Pezawski or that a credit reporting agency notified these defendants of the dispute and triggered their reinvestigation obligations. Still, it is possible that the McAdams could amend their complaint to include such allegations. Accordingly, I will dismiss the existing FCRA claim but grant leave to amend.

### 3. Wisconsin Consumer Act

Any claims against Heuer, Koch and Pezawski under the Wisconsin Consumer Act are barred by the one-year statute of limitations. Wis. Stat. § 425.307(1). To the extent these defendants engaged in any conduct prohibited by the Act, such conduct would have occurred no later than February 14, 2012, yet this action was filed more than one year after that date. For the reasons discussed above, neither equitable tolling nor the continuing-violation doctrine renders the McAdams' claims timely.

### 4. Malicious Prosecution and Abuse of Process

The McAdams argue that the threat of sanctions made by Heuer, Koch and Pezawski during the state-court lawsuit constituted malicious prosecution and abuse of process. Compl. ¶ 28. However, to state a claim for malicious prosecution, a plaintiff must allege that the defendant <u>instituted</u> a judicial proceeding against him. <u>See, e.g.</u>, <u>Whispering Springs Corp. v. Town of Empire</u>, 183 Wis. 2d 396, 404 (Ct. App. 1994). Here, the acts of the defendants that are alleged to give rise to malicious prosecution do not involve the institution of a judicial proceeding. Rather, the defendants only threatened to file a motion. Thus, the plaintiffs have failed to state a claim for malicious prosecution.[5] Similarly, the claim for abuse of process fails because the complaint does not allege that Heuer, Koch or Pezawski employed any formal process (such as a subpoena) in threatening the McAdams with sanctions. <u>See</u> <u>Brownsell v. Klawitter</u>, 102 Wis. 2d 108, 115 (1981).

### 5. Negligent Infliction of Emotional Distress

My analysis of the McAdams' claim for negligent infliction of emotional distress against Heuer, Koch and Pezawski is identical to my analysis of the same claims against State Collection and Wheaton: the McAdams have not plausibly alleged that they suffered severe emotional distress as a result of any negligent conduct by Heuer, Koch and Pezawski.

---

[5]Although the plaintiffs allege that Heuer instituted the debt-collection suit, Compl. ¶ 11, they do not claim that the debt-collection suit was malicious, <u>see</u> Compl. ¶ 28.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendants' motions to dismiss are **GRANTED**. The plaintiffs are granted leave to file an amended complaint alleging violations of the FCRA. However, unless the plaintiffs can, consistent with Federal Rule of Civil Procedure 11, allege that they filed disputes with credit reporting agencies and that the credit reporting agencies notified the defendants of the disputes, they should not file an amended complaint. The plaintiffs are not granted leave to file an amended complaint alleging violations of the FDCPA, the Wisconsin Consumer Act, or state tort law. Any amended complaint is due within 30 days of the date of this order.

**IT IS FURTHER ORDERED** that Wheaton's "motion that it met the requirements for waiver of service of process" is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 10th day of June 2014.

                                                  s/ Lynn Adelman
                                                  _____
                                                  LYNN ADELMAN
                                                  District Judge