# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERENCE McADAMS and
THERESA McADAMS,
        Plaintiffs,

v.                        Case No. 13-C-0899

WHEATON FRANCISCAN MEDICAL
GROUP, et al.,
        Defendants.

## DECISION AND ORDER

In August 2013, Terence and Theresa McAdams filed a complaint against Wheaton Franciscan Medical Group, State Collection Service, Inc., Heuer Law Offices, Gary Koch, and Kerstin Pezawski. The complaint alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and state law. In an order dated June 10, 2014, I granted the defendants' motions to dismiss the complaint but also granted the plaintiffs leave to file an amended complaint alleging violations of the FCRA. The plaintiffs have filed an amended complaint along with a motion for reconsideration of my dismissal of the FDCPA and state-law claims. Having considered the arguments in plaintiffs' motion for reconsideration, I see no basis for reconsideration of my dismissal of the FDCPA and state law claims. Therefore, I will deny the motion for reconsideration without further comment.

The defendants have moved to dismiss plaintiffs' purported amended complaint on a number of grounds. Initially, however, I note that the form of the amended complaint is improper. It does not comply with Federal Rule of Civil Procedure 8(a) because it does not

contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, or (3) a demand for the relief sought. The amended complaint does not comply with Federal Rule of Civil Procedure 10(b) and Civil Local Rule 10(a) because it does not state claims in numbered paragraphs. Instead, the complaint contains unnumbered, narrative paragraphs that contain a mix of factual allegations and legal argument. Finally, the amended complaint is not self-contained but rather seems to assume that the reader is familiar with the plaintiffs' original complaint. However, under Civil Local Rule 15(a), "[a]ny amendment to a pleading . . . must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

The plaintiffs' failure to comply with these rules has made it difficult to determine whether the amended complaint states a claim. It is hard to determine what parts of the amended complaint are intended as factual allegations and what parts are merely legal arguments. Moreover, because the amended complaint is not self-contained, it is missing vital allegations, such as the nature of the underlying debt and the basic facts surrounding the plaintiffs' efforts to dispute the validity of that debt. For these reasons, I will dismiss the amended complaint without prejudice for failure to comply with Federal Rules 8(a) and 10(b) and Civil Local Rules 10(a) and 15(a).

Accordingly, **IT IS ORDERED** that the amended complaint is dismissed without prejudice. Because I am dismissing the amended complaint for reasons other than those raised in the defendants' motions to dismiss, those motions are **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for reconsideration is **DENIED**.

**FINALLY, IT IS ORDERED** that the Heuer defendants' motion for leave to file a corrected brief is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 17th day of October 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge